RECEIVED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

12 NOV -1 AM 10: 07

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

| | | |
|---|---|---|
| HILLSBOROUGH COUNTY AVIATION AUTHORITY, a body politic under the laws of The State of Florida, | : : : : : : | Case No.: 8:12-cv-2478-27-TGW |
| v. | : : | |
| HERNANDO COUNTY Board of County Commissioners a body politic under the laws of The State of Florida | : : : : : : : | |
| HERNANDO COUNTY AVIATION AUTHORITY a body politic under the laws of The State of Florida | : : : : : | |

## COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff Hillsborough County Aviation Authority hereby brings this action against the Hernando County Board of County Commissioners ("Hernando BOCC") and the Hernando County Aviation Authority ("Hernando Aviation Authority") (collectively, the "Defendants") and states as follows:



## I. <u>NATURE OF ACTION</u>

1. This is an action against Defendants for false designation of origin, false advertising, Florida common law trademark infringement, Florida trademark dilution and injunctive relief.

## II. <u>PARTIES AND JURISDICTION</u>

2. Hillsborough County Aviation Authority ("Hillsborough Aviation Authority") is a Body Politic and Corporate with a principal place of business at 4100 George J. Bean Parkway, Tampa, Florida 33607, which is in Hillsborough County.

3. On information and belief, Defendant Hernando BOCC is a Body Politic and Corporate with a principal place of business at 20 North Main Street, Brooksville, FL 34601, which is in Hernando County.

4. On information and belief, Defendant Hernando Aviation Authority is a Body Politic and Corporate with a principal place of business at 15800 Flight Path Drive, Brooksville, FL 34604, which is in Hernando County.

## III. <u>JURISDICTION AND VENUE</u>

5. This Court has subject matter jurisdiction under the provisions of 15 U.S.C. § 1121, 28 U.S.C. §1331, and §1338(a).

6. This Court has supplemental jurisdiction over the related state law claims under 28 U.S.C. §1367(a).

7. Venue is appropriate in this jurisdiction pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## IV. GENERAL FACTUAL ALLEGATIONS

### A. HILLSBOROUGH'S TRADEMARK RIGHTS

8. The Hillsborough Aviation Authority uses a family of trademarks to identify facilities and airport related services throughout Florida and the nation. These marks include TAMPA AIRPORT, TAMPA EXECUTIVE AIRPORT, and TAMPA INTERNATIONAL AIRPORT. The oldest mark in this family has been in continuous use for well over a half century. As a result, Hillsborough Aviation Authority has established strong, common-law rights in these marks.

9. The Hillsborough Aviation Authority has received numerous awards from both national and international organizations related to its management, outstanding customer service, as well as the construction and design of its facilities.

### 1. The TAMPA AIRPORT Mark

10. Hillsborough Aviation Authority has been continuously using the TAMPA AIRPORT mark for over fifteen years to identify commercial aviation facilities and related services. The authority's aviation facilities include general aviation facilities as well as facilities offering scheduled air services.

11. During this time, Hillsborough Aviation Authority has developed strong common law rights in the TAMPA AIRPORT mark and the public has come to associate TAMPA AIRPORT with the authority's facilities and services.

12. On August 26, 2010, Hillsborough Aviation Authority filed a federal trademark application for TAMPAAIRPORT (Serial No. 85/116,392) with the United States Patent and Trademark Office (USPTO) for use in connection with a wide variety

of airport related services. See Exhibit A. The Hillsborough Aviation Authority claims a first use date of September 19, 1997.

13.     Hillsborough Aviation Authority's application for the TAMPA AIRPORT mark is still pending before the USPTO and a certificate of registration has not yet been issued. An opposition to this mark was brought by a third party in the Trademark Trial and Appeal Board. Hillsborough Aviation Authority recently filed a dispositive motion in relation to this opposition proceeding. The opposer, however, failed to timely respond to the authority's dispositive motion. Accordingly, a favorable resolution to the opposition is expected.

### 2. The TAMPA EXECUTIVE AIRPORT Mark

14.     Hillsborough Aviation Authority has also used the trademark TAMPA EXECUTIVE AIRPORT since 2009 for use in connection with airport related services. More specifically, the TAMPA EXECUTIVE AIRPORT mark is associated with a general aviation airport facility in Tampa.

15.     This general aviation facility is located in Tampa and is approximately a 15 minute drive from Tampa's downtown business district. As such, it operates as a reliever airport for the authority's larger, international airport.

16.     In contrast, the facility operated by Defendant Hernando Aviation Authority is nearly 50 miles away from Tampa's downtown business district.

17.     The Hillsborough Aviation Authority has developed strong common law rights in the TAMPA EXECUTIVE AIRPORT mark and the public has come to associate TAMPA EXECUTIVE AIRPORT with Hillsborough Aviation Authority's facilities and services.

### 3. The TAMPA INTERNATIONAL AIRPORT Mark

18. For over fifty-five years, Hillsborough has also used the mark TAMPA INTERNATIONAL AIRPORT to identify facilities and services related to the operation of international and private aircraft airports.

19. On August 24, 2010, the Hillsborough Aviation Authority filed a federal trademark application, in the USPTO for the mark TAMPA INTERNATIONAL AIRPORT (Serial No. 85/114,677) for use in connection with "operation of an international airport and private aircraft airports." See Exhibit B. Hillsborough Aviation Authority claimed a first use date of October 15, 1947.

20. The pending trademark application for TAMPA INTERNATIONAL AIRPORT was opposed by Thomas B. Smith and Elite Transportation of Pasco Inc. However, on October 26, 2012, the Trademark Trial and Appeal Board dismissed the opposition proceeding with prejudice. The application will register in due course.

21. Due to the proper and consistent use of the marks TAMPA AIRPORT, TAMPA EXECUTIVE AIRPORT and TAMPA INTERNATIONAL AIRPORT (collectively referred to herein as the "Marks"), and because the Hillsborough Aviation Authority has a yearly marketing budget of approximately $3,800,000, the Marks have become a strong source-identifier of the aviation authority's services.

22. As a result of the foregoing, consumers throughout the State of Florida and the nation have come to associate the Marks with the Hillsborough Aviation Authority's general aviation facilities as well as its facilities offering regularly scheduled air service. These consumers also associate the Marks with the authority's related aviation services.

## B. DEFENDANTS

23. On information and belief, on October 23, 2012, Defendant Hernando BOCC unanimously approved adopting the mark BROOKSVILLE TAMPA REGIONAL AIRPORT, for use in connection with Hernando County's airport. See Exhibit C (http://www.tampabay.com/news/localgovernment/hernando-countys-airport-gets-new-name-brooksville-tampa-regional/1257973 last visited 10/30/2012).

24. Defendants have since commenced using the BROOKSVILLE TAMPA REGIONAL AIRPORT mark in connection with social media advertising. See Composite Exhibit D.

25. As a result of the foregoing, consumers are likely to be confused between the services offered by Hillsborough Aviation Authority and the services being offered by the Defendants.

26. Defendants use of the mark BROOKSVILLE TAMPA REGIONAL AIRPORT in connection with aviation services that are identical to those offered by the Hillsborough Aviation Authority and directed to the same types of consumers served by Hillsborough Aviation Authority, inevitably will cause confusion among the public such that the public will believe that Defendants' services are affiliated with, sponsored and/or approved by the Hillsborough Aviation Authority.

27. Accordingly, Defendants' use of the BROOKSVILLE TAMPA REGIONAL AIRPORT mark constitutes a clear violation of the Hillsborough Aviation Authority's common law rights in the Marks.

28. Further, in light of the authority's wide-scale and long-term recognition by the public as a leading provider of aviation services in the Tampa area, and of the Marks

that extensively have been used in connection with those services, Defendants' misuse of the Hillsborough Aviation Authority's protected intellectual property manifests a clear intention by Defendants to trade upon the authority's reputation and business good will.

29. For example, both the Hillsborough Aviation Authority and Defendant Hernando Aviation Authority operate competing general aviation facilities. The Hillsborough Aviation Authority's facility operates under the TAMPA EXECUTIVE AIRPORT mark, while Defendant Hernando Aviation Authority's facility operates under the BROOKSVILLE TAMPA REGIONAL AIRPORT mark. Given the similar nature of these facilitates, and the services they offer, confusion is inevitable.

30. The Hillsborough Aviation Authority and Defendant Hernando Aviation Authority also compete to secure contracts with companies that are within the Maintenance, Repair and Overhaul market ("MRO"). This market includes MRO companies as well as companies offering ancillary services. These companies are typically located on or near airport facilities and service private and commercial aircraft. MRO related contracts typically generate significant revenue for the aviation authority.

31. Florida Statutes Chapter 164 § 164.101 – 164.1061, Florida Governmental Conflict Resolution Act, does not apply to this action because this action involves Hillsborough Aviation Authority's commercial interest in its trademark rights. Moreover, Defendants' infringement of the Marks as alleged will cause Hillsborough's trademark rights to be significantly compromised.

## COUNT I
### False Designation of Origin Under § 43(a) of the Lanham Act

32. Hillsborough realleges all of the allegations set forth hereinabove.

33. The Marks have become uniquely associated with and now identify the Hillsborough Aviation Authority's facilities and related aviation services throughout Florida and the nation.

34. The Hillsborough Aviation Authority owns common law trademark rights to the Marks.

35. By the acts complained herein, Defendants intentionally engaged in conduct that constitutes false designation of origin in violation of 15 U.S.C. § 1125(a).

36. Defendant Hernando Aviation Authority in connection with the offering of aviation and related services to the public, has intentionally held itself out to be affiliated with Hillsborough Aviation Authority through their use of the mark BROOKSVILLE TAMPA REGIONAL AIRPORT, which is confusingly similar to the Marks.

37. Defendant Hernando Aviation Authority's use in interstate commerce of the mark BROOKSVILLE TAMPA REGIONAL AIRPORT which is confusingly similar to the Marks is a willful attempt to trade upon the Hillsborough Aviation Authority's reputation and business goodwill and constitutes a false designation of origin and/or false or misleading description of fact. All of this is likely to lead the public into believing that this is some affiliation, connection or association between Defendant Hernando Aviation Authority and the Hillsborough Aviation Authority when, in fact, no such affiliation or connection exists.

38. Defendant Hernando County BOCC has contributed to and/or actively induced these acts of infringement.

39. The Hillsborough Aviation Authority has been damaged by Defendants' improper actions, as set forth above, and will continue to be damaged by such actions unless they are so restrained.

## COUNT II
### False Advertising under § 43(a)(1)(b) of the Lanham Act

40. Hillsborough Aviation Authority realleges all of the allegations set forth hereinabove.

41. Defendant Hernando Aviation Authority, in connection with similar or identical services offered by Hillsborough Aviation Authority, has used, and continues to use in interstate commerce, a confusingly similar trademark in commercial advertising, thereby misrepresenting the nature and origin of its services.

42. Defendant Hernando Aviation Authority is falsely advertising that it is operating aviation services in Tampa, Florida when, in fact, Defendant Hernando Aviation Authority is not located in Tampa, Florida.

43. Defendant Hernando County BOCC has contributed to and/or actively induced these acts of infringement.

44. The Hillsborough Aviation Authority has been damaged by these improper actions, as set forth above, and will continue to be damaged by such actions unless they are so restrained.

## COUNT III
### Trademark Infringement Pursuant to Florida Common Law

45. Hillsborough Aviation Authority realleges all of the allegations set forth hereinabove.

46. Defendant Hernando County Aviation Authority, without the consent of the Hillsborough Aviation Authority, has used in commerce the confusingly similar trademark BROOKSVILLE TAMPA REGIONAL AIRPORT in connection with services that are identical or related to those offered by the Hillsborough Aviation Authority.

47. Defendant Hernando Aviation Authority's unlawful use of the confusingly similar trademark BROOKSVILLE TAMPA REGIONAL AIRPORT is likely to cause confusion, mistake and/or to deceive the public.

48. Defendant Hernando County BOCC has contributed to and/or actively induced these acts of infringement.

49. The Hillsborough Aviation Authority has been damaged by Defendants' misappropriation and use of a confusingly similar trademark and will continue to be damaged by any further such use.

## COUNT IV
### Violation of Section 495.151, Florida Statutes (Trademark Dilution)

50. Hillsborough Aviation Authority reasserts and incorporates by reference the allegations set forth hereinabove.

51. Hillsborough Aviation Authority is the owner of the Marks, as set forth herein, that have become and continue to be, distinctive and famous in the State of Florida and the nation.

52. All of the Marks enjoy common law and statutory protection under Florida law and the Lanham Act.

53. Hillsborough Aviation Authority has expended significant sums of money, time and effort maintaining its superb nationwide reputation and the distinctive quality of its Marks.

54. Defendant Hernando Aviation Authority without the consent of the Hillsborough Aviation Authority, and after the Marks acquired fame, has adopted the mark BROOKSVILLE TAMPA REGIONAL AIRPORT that is confusingly similar to the Marks, in connection with services that are similar or identical to those offered by Hillsborough Aviation Authority and which are marketed to the same consumers.

55. Defendant Hernando Aviation Authority's improper actions, as set forth above, are an intentional attempt to trade upon the Hillsborough Aviation Authority's reputation and business good-will and have caused or are likely to cause dilution of the distinctive quality of the authority's famous Marks by diminishing their capacity to identify and distinguish Hillsborough Aviation Authority's services.

56. Defendant Hernando County BOCC has contributed to and/or actively induced these acts of infringement.

57. The Hillsborough Aviation Authority has been damaged by Defendants' improper actions, as set forth above, and will continue to be damaged by such actions unless they are so restrained.

**WHEREFORE**, Plaintiff demands that:

a) Defendants and their agents, employees, servants, privies, successors and assigns, and all persons acting in concert, participation or combination with them, be temporarily, preliminarily, and permanently enjoined from all acts of trademark infringement, false advertising and false designation of origin as alleged above;

b) Defendants be required to pay Plaintiff damages in a sum to be determined at trial and to account for all gains, profits and advantages derived by Defendants;

c) That Plaintiff be awarded reasonable attorneys' fees and the costs of this action;

d) That Plaintiff be awarded such other, further, and different relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Hillsborough County Aviation Authority demands trial by jury on all issues so triable.

Date: November 1, 2012

Respectfully submitted,

Michael J. Colitz, III
Trial Counsel
Florida Bar No.: 164,348
Debra Deardourff Faulk
Florida Bar No.: 634,425
GrayRobinson, P.A.
401 E. Jackson Street., Suite 2700
Tampa, FL 33602
Tel: (813) 273-5000
Fax: (813) 273-5145
michael.colitz@gray-robinson.com
debra.faulk@gray-robinson.com

and

Gigi Garber Rechel
Florida Bar No. 715,220
General Counsel
Hillsborough County Aviation Authority
P.O. Box 22287
Tampa, FL 33622
Tel: (813) 870-8771
Fax: (813) 870-7868
grechel@TampaAirport.com
Attorneys for Plaintiff

# 3522734 v5

-12-