UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| HILLSBOROUGH COUNTY AVIATION AUTHORITY, a body politic under the laws of The State of Florida, | : : : : : : Case No.:8:12-CV-2478-27 TGW |
| v. | : : |
| HERNANDO COUNTY Board of County Commissioners a body politic under the laws of The State of Florida | : : : : : |
| HERNANDO COUNTY AVIATION AUTHORITY a body politic under the laws of The State of Florida | : : : : : |

## PLAINTIFF'S MOTION TO COMPEL COURT ANNEXED MEDIATION AND MEMORANDUM OF LAW IN SUPPORT

Plaintiff Hillsborough County Aviation Authority (hereinafter the "Aviation Authority"), by and through the undersigned counsel, respectfully requests entry of an Order compelling the parties to undertake Court-Annexed Mediation pursuant to Chapter 9 of the Local Rules. In support of this motion, the Aviation Authority states as follows.

### MEMORANDUM OF LAW

This action was filed by the Aviation Authority in order to enforce its TAMPA AIRPORT family of trademarks. More specifically, this matter concerns, *inter alia*, Defendant's infringing use of the mark BROOKSVILLE TAMPA REGIONAL AIRPORT to advertise competing airport relates services. The Hernando County Board of County Commissioners ("Hernando County BOCC") has filed a motion to abate these proceedings so that the parties may engage in the dispute resolution procedures outlined

in Fla. Stat. Chapter 164 [Dkt. 7.]<sup>1</sup> The Aviation Authority opposes that motion as it does not believe that Chapter 164 is applicable to this action. The Aviation Authority's opposition, however, should not be construed as an unwillingness to engage in alternative dispute resolution. In fact, the Aviation Authority made several attempts to resolve this matter both before and after filing suit. Thus, the issue presented by the parties competing motions is not whether the parties will engage in alternative dispute resolution. Rather, the issue is simply the form of dispute resolution the parties will engage in. The Aviation Authority believes that Court-Annexed Mediation under the Local Rules applies here and is far less costly and time consuming than the labyrinthine procedures outlined in Chapter 164.

## CONCLUSION

WHEREFORE, the Aviation Authority seeks entry of an Order directing the parties to: (1) select a mutually agreeable certified mediator pursuant to Local Rule 9.02(b); (2) select a mutually agreeable mediation date, with such mediation date being within 30 days from the date of the Court's Order; and (3) notify the Court within (14) days of the selected mediator and the mediation date.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE

Pursuant to Local Rule 3.01(g), counsel for the Plaintiff communicated with counsel for the Defendants who has represented that Defendants object to the relief requested herein.

---

[1] The Motion to Abate was brought in the name of Hernando County Board of County Commissioners ("Hernando County BOCC"). Hernando County BOCC states that it took the actions that are the subject of the Complaint and not Hernando County Aviation Authority.

Date: January 29, 2013	Respectfully submitted,

                /s/ Stefan V. Stein
                Stefan V. Stein
                Trial Counsel
                Florida Bar Number 300527
                Michael J. Colitz, III
                Florida Bar No.: 164,348
                Debra Deardourff Faulk
                Florida Bar No.: 634,425
                GrayRobinson, P.A.
                401 E. Jackson Street., Suite 2700
                Tampa, FL 33602
                Tel: (813) 273-5000
                Fax: (813) 273-5145
                stefan.stein@gray-robinson.com
                michael.colitz@gray-robinson.com
                debra.faulk@gray-robinson.com
                Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a copy to all counsel of record.

                */s/ Michael J. Colitz, III*
                Michael J. Colitz, III