UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HILLSBOROUGH COUNTY AVIATION
AUTHORITY, a body politic under the laws
of the State of Florida,

    **Plaintiff,**

vs.                Case No. 8:12-CV-2478-T-27TGW

**HERNANDO COUNTY Board of County
Commissioners, a body politic under the laws
of the State of Florida, and HERNANDO COUNTY
AVIATION AUTHORITY, a body politic under the
laws of the State of Florida,**

    **Defendants.**
_____/

## ORDER

**BEFORE THE COURT** are Defendant's Motion to Abate Pursuant to § 164.1041(2), Fla. Stat. (Dkt. 7), and Plaintiff's Motion to Compel Court Annexed Mediation (Dkt. 16). Argument on the Motion to Abate was heard on January 29, 2013. For the reasons discussed below, Defendant's Motion to Abate is DENIED. Plaintiff's Motion to Compel Court Annexed Mediation (Dkt. 16) is GRANTED. The parties are directed to participate in Court-Annexed Mediation pursuant to Chapter 9 of the Local Rules.

### Background

The Hillsborough County Aviation Authority (the "**Aviation Authority**") commenced this action seeking to enforce its rights in certain federally registered and common law trademarks, including TAMPA INTERNATIONAL AIRPORT®, TAMPAAIRPORT®, and TAMPA EXECUTIVE AIRPORT™. The Aviation Authority alleges that Hernando County's use of the

name BROOKSVILLE-TAMPA REGIONAL AIRPORT in connection with an airport operated by the County in Brooksville, Florida, infringes the aforementioned trademarks.

Section 164.1041, Florida Statutes, generally requires that any lawsuit between governmental entities shall be abated until the parties have engaged in certain delineated conflict resolution procedures.[1] The statute provides an exception, however, when significant legal rights will be compromised if a court proceeding does not take place before the conflict resolution procedures in the statute are complied with.[2]

Prior to filing suit, the Aviation Authority unanimously passed a resolution authorizing this litigation, finding that immediate action was necessary to protect significant legal rights so as to

---

[1] Section 164.1041(1) provides:

If a governmental entity files suit against another governmental entity, court proceedings on the suit shall be abated, by order of the court, until the procedural options of this act have been exhausted. The governing body of a governmental entity initiating conflict resolution procedures pursuant to this act shall, by motion, request the court to issue an order abating the case pursuant to this section. All governmental entities are encouraged to use the procedures in this act to resolve conflicts that may occur at any time between governmental entities, but shall use these procedures before court proceedings, consistent with the provisions of this section. ... The provisions of this act shall not apply to conflicts between governmental entities if an alternative dispute resolution process, such as mediation or arbitration, is specifically required by general law or agreed to by contract, interlocal agreement, or other written instrument, or if the governmental entities have reached an impasse during an alternative dispute resolution process engaged in prior to the initiation of court action. Further, nothing in this act shall preclude a governmental entity from filing a suit without resort to the provisions of this act against any federal or other governmental entity not governed by state law. Nothing in this section shall be deemed to toll or waive jurisdictional time limits on specific pleadings or motions set forth in statute or court rules unless modified pursuant to § 164.1061.

[2] Section 164.1041(2) provides:

If a governmental entity, by a three-fourths vote of its governing body, finds that an immediate danger to the health, safety, or welfare of the public requires immediate action, or that significant legal rights will be compromised if a court proceeding does not take place before the provisions of this act are complied with, no notice or public meeting or other proceeding as provided by this act shall be required before such a court proceeding. ... However, the court, upon motion, may review the justification for failure to comply with the provisions of this act and make a determination as to whether the provisions of this act should be complied with prior to action by the court. If the court determines that the provisions of this act should be complied with prior to court action and that following the provisions of this act will not result in the compromise of significant legal rights, the court shall abate the suit until the provisions of this act are complied with.

2

invoke the exception to the mandatory presuit negotiation requirements contemplated by § 164.1041. *See* Resolution No. 2012-133 (attached as Exhibit A to Defendant's Motion to Abate). Hernando County contends that the Aviation Authority's finding that immediate action was necessary to protect significant legal rights "is specious and unsupportable."

## Applicable Standard

When, as here, a governmental entity seeks to avoid the presuit dispute resolution requirements of § 164.1041, the statute provides that a court "may review the justification for failure to comply with the provisions of this act and make a determination as to whether the provisions of this act should be complied with prior to action by the court." Fla. Stat. § 164.1041(2). "If the court determines that the provisions of this act should be complied with prior to court action and that following the provisions of this act will not result in the compromise of significant legal rights, the court shall abate the suit until the provisions of this act are complied with." *Id.*

## Discussion

The Aviation Authority maintains that Chapter 164 is preempted by federal law. Specifically, the Aviation Authority contends that Chapter 164 is preempted by § 1127 of the Lanham Act. With respect to federal preemption, the preemptive scope of the Lanham Act is narrow. "The act preempts only those state laws which directly conflict with its provisions or purposes by permitting an erosion of trademark rights." *Storer Cable Communications v. City of Montgomery, Ala.*, 808 F.Supp. 1518, 1540 (M.D. Ala. 1992)(citing *Mariniello v. Shell Oil Co.*, 511 F.2d 853, 958 (3d Cir. 1975)).

The Aviation Authority contends that the attorney's fee provision in Chapter 164 for failure to participate in the Chapter 164 proceedings in good faith conflicts with the attorney fee provision in 15 U.S.C. § 1117, which allows recovery of fees in "exceptional cases," and that this supports

3

conflict preemption. This does not, however, in my view, constitute the type of conflict that preemption contemplates. The fee provision in Chapter 164 does not interfere with or pose an obstacle to a trademark holder's right to seek protection of its mark under federal law. *See Tonka Corp. v. Tonk-A-Phone, Inc.,* 805 F.2d 793, 795 (8th Cir. 1986).

Moreover, fees for failure to participate in good faith in Chapter 164 proceedings addresses only a remedial sanction available to the parties, not unlike a federal court's inherent authority to award fees for bad faith conduct of attorneys and parties. *Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001) ("One aspect of a court's inherent power is the ability to assess attorneys' fees . . . when either has 'acted in bad faith . . .'"). Finally, that fee provision does not involve the merits of a trademark dispute and therefore does not actually conflict with the fee provision in § 1117 for malicious, fraudulent, deliberate, or will trademark infringement.

On the other hand, the Aviation Authority makes a compelling argument that compliance with Chapter 164 may interfere with its right to seek prompt preliminary injunctive relief. By any account, as conceded during oral argument, the procedures contemplated by Chapter 164 will take at least three months to run their course, depriving a trademark holder of immediate judicial redress for alleged infringement of its mark. Notwithstanding, Chapter 164 expressly provides an exception to its mandate, invoked here by the Aviation Authority, to seek judicial relief if significant rights will be compromised. Fla. Stat. § 164.1041(2).

Considering the availability of this exception, I find that the Lanham Act does not preempt Chapter 164. Chapter 164 does not add an "extra element" for recovery by a trademark holder or qualitatively change the nature of a trademark infringement claim under the Lanham Act. It simply provides an alternative dispute resolution process for Florida's governmental agencies and provides

for an exception if that process would compromise significant rights. *See Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1549 (11th Cir. 1996)(applying the "extra element" for recovery test to determine federal preemption in copyright infringement action). Accordingly, there is no federal preemption.

Substantively, Hernando County challenges the Aviation Authority's justification for invoking the exception to the presuit requirements of § 164.1041, arguing that no evidence was submitted to the Aviation Authority that would support a finding of actual confusion or that the Aviation Authority would suffer irreparable injury if the dispute resolution procedures of § 164.1041 were followed. In response, the Aviation Authority argues that applicable case law supports its conclusion that it would suffer irreparable harm if it was required to participate in the dispute resolution procedures outlined by § 164.1041 prior to enforcing its legal rights.[3] To some degree, these competing contentions address the merits of the Aviation Authority's claims, which is unnecessary at this juncture.

Prior to abating an action pursuant to § 164.1041(2), a court must find both that (1) the presuit dispute resolution procedures should be complied with and, (2) compliance with those procedures will not result in the compromise of significant legal rights. Fla. Stat. § 164.1041(2). Without addressing the merits, suffice it to say that based on a review of the record and applicable

---

[3] The Aviation Authority makes an additional, much less persuasive argument, contending that § 164.1041 does not apply to commercial disputes, that is, "disputes of this nature." This contention seems somewhat disingenuous, considering that its Resolution expressly invokes the exception to the mandated presuit process set forth in Chapter 164. Regardless, the express language of § 164.1051 demonstrates that commercial disputes are likely embraced by Chapter 164. Most certainly, they are not excluded.

With respect to the scope of Chapter 164, legislative history reveals that it was the intent of the Florida Legislature "that conflicts between governmental entities be resolved to the greatest extent possible without litigation." Fla. Stat. § 164.102. Indeed, the Legislature specifically declined to limit the conflicts that may be considered under Chapter 164, noting that it shall "apply, at a minimum, to governmental conflicts ..., *including but not limited to*" a list of seven illustrative examples. Fla. Stat. § 164.1051. (emphasis added).

law, the Court is unable to conclude that compliance with the dispute resolution procedures contemplated by § 164.1041(1) will not result in the compromise of the Aviation Authority's significant legal rights.[4] Nonetheless, court ordered mediation may result in the just, efficient, and expeditious resolution of this matter.

Accordingly, it is **ORDERED** that:

(1) Defendant's Motion to Abate Pursuant to § 164.104(2), Fla. Stat. (Dkt. 7) is **DENIED**.

(2) Plaintiff's Motion to Compel Court Annexed Mediation (Dkt. 16) is **GRANTED**.

(3) **Referral to Mediation**: This case is referred to the Court-Annexed Mediation program for a mediation conference in an attempt to achieve an equitable settlement of the issues. The parties shall immediately select a Mediator, and Lead Counsel (*see* ¶ 5) is directed to file with the Clerk of Court, **on or before February 15, 2013**, a *Notice of Mediator Selection and Scheduling of Mediation* which: (a) identifies the selected Mediator and includes complete address, telephone and facsimile (if available) information, and (b) sets forth the time, date and place of the scheduling for the mediation conference. **If the parties fail to select a Mediator or do not notify the Court of such selection by the above-designated date, the Court will *sua sponte* and without further notice select an individual to serve as Mediator and issue the appointment.**

---

[4] Again, this conclusion is not intended as a comment on the merits of the Aviation Authority's claims or the likely outcome if this litigation proceeds to trial. Rather, the Court simply finds that, given the current record, that the Aviation Authority's announced justification for invoking the statutory exception to the dispute resolution procedures contemplated by § 164.1041(1) is neither a sham nor wholly unworthy of belief. That is, there is at least a risk that requiring the Aviation Authority to comply with the presuit negotiation procedures contemplated by § 164.1041(1) will result in the compromise of its significant legal rights, including procedural rights available under federal law.

(4) **Scheduling Mediation Conference**: The mediation conference may be conducted any time **on or before March 1, 2013**.

(5) **Designation of Lead Counsel**: Stefan V. Stein, Esq., is designated as Lead Counsel, and shall be responsible for working with the Mediator and opposing counsel, to schedule the mediation conference within the time set forth in ¶ 4 above.

**DONE AND ORDERED** this 31st day of January, 2013.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record