UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| HILLSBOROUGH COUNTY<br>AVIATION AUTHORITY,<br>a body politic under the<br>laws of The State of Florida, | Case No.:8:12-CV-2478-27 TGW |
| v. | |
| HERNANDO COUNTY<br>Board of County Commissioners<br>a body politic under the<br>laws of The State of Florida | |
| HERNANDO COUNTY<br>AVIATION AUTHORITY<br>a body politic under the<br>laws of The State of Florida | |

## STIPULATED DISMISSAL WITH PREJUDICE

Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) the parties to this action, by and through their undersigned attorneys, hereby stipulate that this action be and hereby is dismissed with prejudice, with each party to bear its own costs and attorneys' fees. The Court shall retain jurisdiction for purposes of enforcing the terms of the parties' Settlement Agreement, a copy of which is attached hereto as Exhibit A.

Respectfully submitted,

/s/ Michael J. Colitz, III
Stefan V. Stein
Florida Bar Number 300527
Michael J. Colitz, III
Florida Bar No.: 164,348
Debra Deardourff Faulk
Florida Bar No.: 634,425
GrayRobinson, P.A.
401 E. Jackson Street., Suite 2700
Tampa, FL 33602
Tel: (813) 273-5000
Fax: (813) 273-5145
stefan.stein@gray-robinson.com
michael.colitz@gray-robinson.com
debra.faulk@gray-robinson.com
Attorneys for Plaintiff

/s/ Joseph J. Weissman
Frank R. Jakes, Esq.
Florida Bar No. 372226
Joseph J. Weissman
Florida Bar. No. 0041424
Johnson Pope Bokor Ruppel & Burns, LLP
403 E Madison St Ste 400
Tampa, Florida 336024614
Tel: (813).225-2500
Fax: (813).223-7118
frankj@jpfirm.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on March 7th 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

/s/ Michael J. Colitz, III
Attorney

\325069\12 - # 3816562 v1

## SETTLEMENT AGREEMENT

This Settlement Agreement is entered into by and between the Hillsborough County Aviation Authority ("HCAA") and Hernando County and Hernando County Aviation Authority (collectively "Hernando County")(HCAA, Hernando County and Hernando County Aviation Authority are collectively referred to herein as the "Parties");

WHEREAS, HCAA owns and operates certain airports in Hillsborough County including Tampa International Airport and Tampa Executive Airport and is the owner of record of federal service mark registrations for TAMPA INTERNATIONAL AIRPORT® (Reg. No. 4,252,281) and TAMPAAIRPORT® (Reg. No. 4,259,907). HCAA contends that it has rights in the common law mark TAMPA EXECUTIVE AIRPORT, which Hernando County disputes;

WHEREAS, Hernando County owns and operates an airport in Hernando County presently known as Brooksville-Tampa Regional Airport (f/k/a Hernando County Airport);

WHEREAS, a dispute has arisen between the parties regarding Hernando County's use of the name "Brooksville-Tampa Regional Airport";

WHEREAS HCAA instituted litigation styled *Hillsborough County Aviation Authority v. Hernando County and Hernando County Aviation Authority*, Case No. 8:12-CV-2478-27 TGW which is presently pending in the United States District Court for the Middle District of Florida (hereinafter the "Court" and "the Lawsuit");

WHEREAS the Parties participated in a Court-Ordered mediation on February 20, 2013, and the attendees of that mediation signed the term sheet attached hereto as Exhibit A;

WHEREAS, Hernando County's airport does not offer regularly scheduled passenger service;

WHEREAS, Hernando County presently lacks the resources and facilities to offer regularly scheduled passenger service, has no present intention of offering regularly scheduled passenger service in the future, and has no present intention of soliciting or marketing to secure regularly scheduled passenger service in the future;

WHEREAS, in the spirit of governmental cooperation and regional partnership, the parties desire to amicably resolve their differences in accordance with the terms of this Agreement;

NOW, THEREFORE, for the good and valuable consideration and mutual promises set forth herein, it is

AGREED:

1. **Name Change** – Within ten (10) days of the Effective Date of this Agreement, Hernando County agrees to change the name of its airport to "Brooksville-Tampa Bay Regional Airport" (the "Mark") and discontinue use of "Brooksville-Tampa Regional Airport." Hernando County will apply for all necessary permissions to effectuate this name change.

2. **Use Of The Mark** – So long as Hernando County uses the Mark to identify its airport, it shall adhere to the following requirements:

   a. The Mark shall always be used on a single line;
   b. Hernando County agrees not to shorten the "Mark" (*e.g.* "Tampa Bay Regional Airport").
   c. Hernando County shall instruct its employees and agents to refer to the airport using the entire Mark. Notwithstanding, Hernando County shall be permitted to shorten the Mark when answering telephones or engaging in other oral communications only as "Brooksville Airport." Further notwithstanding, Hernando County shall be permitted to shorten the Mark for internal and non-commercial uses.
   d. To the extent that Hernando County utilizes the word "Tampa" in association with its airport on facsimile headers, URL, metatags or key word internet advertising, Hernando County will use the entire Mark.
   e. The phrase "Brooksville Tampa" in the Mark will not be graphically presented in a size or type font that is larger than the remaining terms in the Mark.
   f. Hernando County shall include a disclaimer on its airport website and NOTAMS and related civil aviation informational documents that its airport is "not an authorized reliever airport for Tampa International Airport."

3. **Future Airport Names** – Hernando County is permitted to use future variations of the Mark that do not infringe HCAA's trademarks.

4. **HCAA Reservation of Rights**

   a. If, and to the extent that Hernando County's airport begins to offer regularly scheduled passenger service, HCAA reserves all rights and claims including but not limited to trademark infringement, false advertising and unfair competition arising out of Hernando County's provision of regularly scheduled passenger service.

2

  b. Hernando County agrees that this Agreement will not constitute a waiver, laches or estoppel in any future litigation brought in accordance with 4(a) above.

5. **The Lawsuit**

  a. Within five (5) days of the Effective Date of this Agreement, the parties shall dismiss the Lawsuit with prejudice subject only to the terms of this Agreement. Neither party admits to any wrongdoing or liability with respect to the Lawsuit.
  b. Each party will bear its own costs and attorneys' fees in connection with the Lawsuit.
  c. The Court shall retain jurisdiction to enforce the terms of this Agreement.

6. **Liaison and Partnership**

  a. Within five (5) days of the Effective Date of this Agreement, HCAA and Hernando County will each designate an individual liaison to facilitate communications between the respective parties. The designated liaisons shall communicate informally as necessary to (i) resolve any concerns regarding compliance with the terms of this Agreement; (ii) resolve concerns regarding confusion between the parties' respective airports resulting from the use of the name Brooksville-Tampa Bay Regional Airport; and (iii) develop mutually advantageous business relationships in the spirit of partnership and the goal of enhancing and furthering the aviation interests of the region. Nothing in this Agreement shall be construed as requiring any business relationships to be undertaken between the Parties. The parties' designated liaison may be changed from time to time as necessary.
  b. In the event a dispute arises as to the compliance with this Agreement that cannot be resolved informally by the parties' designated liaisons, neither party shall institute litigation regarding such a dispute unless or until the parties have participated in good faith in mediation conducted pursuant to the Local Rules of the Middle District of Florida in which the Mediator declares an impasse.
  c. The procedure for this mediation shall be as follows:
    i. Within five (5) days of receipt of written notification from the other party of the existence of an unresolved dispute regarding compliance with the terms of this Agreement and accompanying demand for mediation in accordance with this provision, the parties

      shall cooperate in good faith to jointly select an agreed mediator. In the event that the parties cannot select an agreed mediator within five (5) days of receipt of written notice and demand for mediation, each party shall nominate a mediator from the Court's list of Certified Mediators. The Certified Mediators nominated by the respective parties shall then jointly select a mediator to conduct the mediation.

    ii. The initial mediation session shall be conducted no later than thirty (30) days following selection of the mediator. The mediator shall have the right to determine whether to conduct additional mediation sessions or declare an impasse.

    iii. The mediation shall be conducted at a mutually agreeable location. If the parties cannot agree upon the location for the mediation, the mediator shall select the location.

    iv. The parties shall share the cost of the mediation.

7. **Effective Date**

   a. This Agreement shall become effective upon the approval by the Boards of the respective parties and signature by the designated representative of each party.

   b. All the attendees of the February 20, 2013 mediation shall recommend passage of this Agreement to their respective boards.

   c. Presently, it is the intent of Hernando County to present this Agreement for approval at the meeting of its Board of County Commissioners on February 26, 2013. Presently it is the intention of HCAA to present this Agreement for approval at a special meeting of its Board on March 1, 2013. In all events, if this Agreement is not approved by the respective Boards of the respective Parties on or before March 7, 2013, the Agreement shall not become effective and shall be withdrawn.

8. **Miscellaneous**

   a. Titles and Subtitles. The titles and subtitles used in this Agreement are used for convenience only and are not to be considered in construing or interpreting this Agreement.

   b. Severability. If any provision of this Agreement is held to be unenforceable under applicable law, such provision will be enforced to the maximum extent possible and the remaining provisions of the Agreement

will be interpreted as if such provision or portion thereof were so excluded and will be enforceable in accordance with its terms.

c. Entire Agreement. This Agreement, including its exhibits, constitutes the complete agreement of the parties and supersedes any and all other prior agreements between the parties regarding the matters set forth herein. The parties make no promises to each other, other than those expressly set forth in this Agreement.

d. Waivers. No waiver of any of the provisions of this Agreement in any one instance shall be deemed, or shall constitute, a waiver of any other provision, whether or not similar, nor shall any waiver constitute a continuing waiver. No waiver shall be binding unless executed in writing by the party making the waiver.

e. Counterpart Execution. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same Agreement.

f. Both parties represent they have taken all actions necessary to authorize execution of this agreement so that it is binding in accordance with its terms.

**HERNANDO COUNTY BOARD OF COMMISSIONERS, as the Governing Body of HERNANDO COUNTY and the HERNANDO COUNTY AVIATION AUTHORITY**

By: _____
Dave Russell, Jr.
Title: Chairman
Date: 2-28-13

APPROVED AS TO FORM AND LEGAL SUFFICIENCY
BY _____
County Attorney's Office

**HILLSBOROUGH COUNTY AVIATION AUTHORITY**

By: _____
Steven G. Burton
Title: Chairman
Date: 03-5-2013

Attestation: 03.05.2013
Joseph F. Diaco, M.D.
Title: Secretary
Date: _____

Approved as to Form: _____
Gigi Skipper Rethel
Title: General Counsel
Date: 03.05 2013

1328371

5

## TERM SHEET

This term sheet follows Court Ordered mediation in the following case: Hillsborough County Aviation Authority (hereinafter HCAA) v. Hernando County Board of County Commissioners and Hernando County Aviation Authority (hereinafter Defendants) Case No. 8:12-cv-2478-27 TGW. The mediation was conducted on February 20, 2013. Jonathan C. Koch was the agreed mediator. The mediation was attended by: Gigi Rechel, Stefan Stein, Michael J. Colitz, III, Debra Faulk, Chairman Steve Burton, Frank Jakes, Joe Weissman, Jon Jouben, Michael McHugh, and Chairman David Russell, Jr.

The parties agree to the following terms which will be embodied in a binding settlement:

1. Defendants agree to change to the following mark: "Brooksville Tampa Bay Regional Airport" (the "Mark")

2. Whereas language will be included in the settlement agreement to the effect that Defendants do not offer regularly scheduled passenger service, do not have the capacity to offer regularly scheduled passenger service, and have no present intention of offering regularly scheduled passenger service in the future;

3. HCAA reserves all rights and causes of action as to regularly scheduled passenger service in the event Defendants begin regularly scheduled passenger service. Existence of agreement will not amount to waiver, latches, or estoppel in future suit. This action will be dismissed with prejudice subject to the terms of the formal settlement agreement;

4. Defendants agree to never shorten name. Fax headers, URLS, metatags, keyword advertising will likewise use the entire Mark, to the extent they use Tampa. Verbal shortening permitted in answering telephones only as "Brooksville Airport." Written shortening is permitted for internal, non-commercial uses.

5. Mark will always be used as one line;

6. Disclaimer on website and Notams and related informational documents that Brooksville Tampa Bay Regional Airport is not an authorized reliever airport for TIA;

7. Parties will work out an ADR protocol that does not involve Chapter 164;

8. "Brooksville Tampa" in Mark will not be bigger than remainder of mark;

9. Defendants are permitted to use future variations of the Mark that do not infringe HCAA's trademarks.

10. A designated liaison from Brooksville and HCAA will be appointed to address potential confusion and partnership issues in the future;

11. Attendees will recommend passage of this agreement with these terms to their respective boards.

12. The terms above constitute points of agreement arrived at mediation and will not become binding until memorialized in a formal settlement agreement approved and executed by the proper party signatories after approval by the board of each party. The mediation shall remain in session until a formal agreement is approved and executed.